**EMPLOYEE INVENTION, CONFIDENTIAL INFORMATION, NONCOMPETITION AND NON-SOLICITATION AGREEMENT**

This is a legally binding contract.  By electronically agreeing to these terms, I agree to be bound by them and agree to each of the terms set forth below.  This Employee Invention, Confidential Information, Noncompetition and Non-solicitation Agreement (this "Agreement") is entered into by and between me and DigitalGlobe, Inc., including each of its subsidiaries ("Company"), and is effective as of the date I electronically agree to these terms.

In consideration of my employment by the Company, being provided with access to Company confidential and proprietary information, payment of salary and provision of Company benefits to me, I agree as follows:

1. **Business Confidential Information**.  In the course of my employment with the Company, I acknowledge that I will have access to certain information, including, but not limited to, business plans, customer lists, marketing programs, price lists, salary and human resource information, technology development information, drawings, reports, inventions, and other material that contain, embody or disclose trade secrets, confidential business and technical information and proprietary business information of the Company, its shareholders, customers, or third parties to whom the Company owes obligations of confidentiality (collectively, the "Business Confidential Information").

2. **Nondisclosure of Business Confidential Information.**   Except as may be necessary to perform my work with the Company, I agree that neither during the term of my employment nor at any time after my employment is terminated (until such time, as ever, as the Business Confidential Information becomes part of the public domain other than by my breach of this Agreement), I shall not: (i) disclose or furnish to any person any Business Confidential Information; (ii) use any Business Confidential Information for my own benefit or the benefit of others, or (iii) remove any Business Confidential Information from the Company facilities.  Any Business Confidential Information, including all hard copies and electronic storage, that I receive shall be returned to the Company upon request or, in any event, immediately upon termination of my employment with the Company.

3. **Disclosure of Inventions.**  I agree to promptly furnish the Company with a complete record of any and all intellectual developments, including inventions and improvements, whether patentable or not, which I, solely or jointly, may conceive, make or first disclose either, (a) during my employment with the Company, whether conceived on or off Company premises and whether conceived during or after normal business hours, or (b) one year after termination of my employment with the Company; if  (i) related in any way to the actual or anticipated business activities of the Company, or (ii) suggested by or resulting from any of my prior work for the Company.

4. **Assignment of Inventions.**  I agree to, and do by this Agreement, grant and assign to the Company, or its nominee, my entire right, title and interest in and to intellectual developments coming within the scope of paragraph 3 above, together with any and all domestic and foreign patent rights and copyrights.  I agree to promptly, upon request from the Company and without additional compensation (but at the Company's sole expense), do all lawful things reasonably requested by the Company to assist the Company in securing all of the rights contemplated by this Agreement, including, but not limited to, executing patent applications.

Electronic Agreement – New Hires
Rev. 1/23/13

EXHIBIT 1

5. **Disclosure of Prior Inventions.**   Prior to commencing my employment, I agree to give the Company written notice of any of my prior employment agreements, patents or other intellectual property rights that might conflict with the interests of the Company under this Agreement, and also to provide the Company with a copy of such agreements or patents.

6. **Non-competition.** I agree that I shall not, during the term of my employment by the Company and for a period of twelve months thereafter, compete for any reason with the Company in its direct business lines, including, but not limited to, satellite and aerial imagery operations, product distribution, mapping and other value added services, by directly or indirectly taking any of the following actions: (a) owning, managing, operating, joining, controlling or providing services to any entity, regardless of entity form or location, that engages in or is seeking to engage in the current or planned business activities of the Company; (b) serving as an employee, agent, consultant, officer, or director of any such entity; or (c) inducing or attempting to induce any customer, supplier, or business relation of the Company to cease doing business with the Company, or in any other way interfering with the relationship between any customer, supplier or business relation and the Company.   If, after termination of my employment with the Company, I violate the covenants contained in this paragraph, then the duration of the covenant shall be extended from the date I resume compliance with the covenant, reduced by the number of days following my termination that I was not in violation of the covenant.

7. **Reasonableness.**  I acknowledge that the restrictions stated in Section 6 above are reasonable and that the covenants are necessary to protect the Company's interest in Business Confidential Information, which would be inevitably disclosed if were to compete, directly or indirectly, with the Company in its direct product lines.   If, however, a court of competent jurisdiction deems the restrictions as stated in Section 6 above to be unreasonable in the duration, scope or area of restriction, then those restrictions may be applied to only the activities and territory, and only for the period of time, that the court determines reasonable in light of all the circumstances then existing.

8. **Non-Solicitation.** For a period of one year immediately following the termination of my employment with the Company, I shall not, directly or indirectly, recruit, solicit, attempt to persuade, or assist in the recruitment or solicitation of, any employee of the Company  who was an employee, officer or agent of the Company during the three month period immediately preceding the date of termination of my employment, for the purpose of employing him or her or obtaining his or her services or otherwise causing him or her to leave his or her employment with the Company.

9. **Miscellaneous.**

    (a) *No Waiver.* No waiver by the Company of any breach by me of this Agreement shall be deemed a waiver of any succeeding breach.
    (b) *Binding Effect.* This Agreement shall be binding on and inure to the benefit of the affiliates, successors and assigns of the Company and, as applicable, to my heirs, assigns and legal representatives. This Agreement shall supersede the terms of any prior written or oral agreement between the Company and me, and may be modified or amended only by written agreement between the Company and me.
    (c) *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.
    (d) *Severability.* Should any portion of this Agreement be judicially held invalid, that holding shall not invalidate the remainder of this Agreement.  The portion held to be invalid, unenforceable or void shall, if possible, be deemed amended, reduced in scope or stricken, but only to the extent required for purposes of validity and enforcement.

Electronic Agreement – New Hires
Rev. 1/23/13

    (e) *Irreparable Harm.* I acknowledge that the Company would suffer irreparable harm from any violation of this Agreement. In the event of violation or threatened violation, the Company shall be entitled to injunctive relief, without notice to me or the posting a bond, and in addition may recover money damages.

    (f) *Venue.* Any disputes under this Agreement must be brought in the appropriate state courts for the State of Colorado, or the U.S. District Court for the District of Colorado (and I acknowledge personal jurisdiction of an venue in those courts), and in any such judicial proceedings I will not request a jury trial on any claim or counterclaim. In addition, if successful on the merits, the Company shall be entitled to recover from me all of its legal fees and all other expenses of litigation.

    (g) *Survival.* My duties under this Agreement shall survive termination of my employment with the Company, regardless of whether termination is voluntary or involuntary, rightful or wrongful, and shall continue until the Company consents in writing to the release of my obligations under this Agreement.

10. **At-Will Employment.** This Agreement is not a contract of employment. My employment with the Company is at-will, and may be terminated by either party at any time without cause, prior notice or liability beyond wages owed and benefits then accrued. No promise to the contrary has ever been made to me.

**By electronically indicating my agreement to the terms of this Agreement, I hereby acknowledge the following: (i) that this is a legally binding agreement, ii) that I have read and understand this Agreement, (iii) that I have had the opportunity to have the Agreement reviewed by my legal counsel, and (iv) that I am executing this Agreement of my own free will and not under duress of any kind.**

**APPENDIX A**

I hereby disclose the following Employment Agreements, Patents and Inventions: