IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-CV-01636-WJM-MJW

DIGITALGLOBE, INC., a Delaware corporation, and
DIGITALGLOBE INTELLIGENCE SOLUTIONS, INC., a Delaware corporation,

      Plaintiffs,

vs.

LOUIS PALADINO, an individual,

      Defendant.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Louis Paladino ("Paladino") answers Plaintiffs' First Amended Complaint as follows:

### INTRODUCTORY STATEMENT

To the extent any responsive pleading is required as to the allegations and claims made in the introductory statement, those allegations and claims are denied.

### PARTIES

1.      The allegations of paragraph 1 are admitted.

2.      The allegations of paragraph 2 are admitted.

3.      The allegations of paragraph 3 are admitted.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains a legal conclusion to which no responsive pleading is required, but Paladino does not dispute that jurisdiction exists in this case under the referenced statute.

5.      Paladino admits that Exhibits 1 and 3 appear to be true and accurate copies of the referenced documents, but lacks knowledge or information sufficient to form a belief as to the authenticity and existence of Exhibit 2 and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations about it.  Otherwise, paragraph 5 contains legal conclusions and other matters to which no responsive pleading is required, but to the extent any responsive pleading is required, the allegations are denied.

6.      Paragraph 6 purports to draw legal conclusions after quoting and paraphrasing portions of what is referenced as the "Non-Competition Agreement."  To the extent any responsive pleading is required, Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

7.      The allegations of paragraph 7 are denied.

8.      Paragraph 8 purports to draw legal conclusions after quoting and paraphrasing portions of what is referenced as the "Non-Competition Agreement."  To the extent any responsive pleading is required, Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

9.      Paragraph 9 purports to draw legal conclusions based on prior quotes and paraphrased portions of what is referenced as the "Non-Competition Agreement."  To the extent any responsive pleading is required, Paladino states that the Non-Competition Agreement speaks

for itself. However, Paladino does not dispute that jurisdiction is proper, but does not concede that venue is appropriate and reserves all rights. To the extent any other responsive pleading is required, the allegations are denied.

10. The allegations of paragraph 10 are admitted.

11. The allegations of the first and third sentences of paragraph 11 are admitted. Based on the lack of specificity in the second sentence, Paladino is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore denies them.

12. The allegations of paragraph 12 are denied. By way of further answer, Paladino never worked for DG. He further states that while he once managed a team of approximately 30 DGIS employees late in his tenure at DGIS, his duties and roles changed over time. To the extent any other responsive pleading is required, the allegations are denied.

13. Except to admit that he agreed to the terms of the Non-Competition Agreement, Paladino is without knowledge or information sufficient to form a belief as to the truth of the matters alleged and therefore denies them.

14. The allegations of paragraph 14 purport to quote from or paraphrase the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

15. The allegations of paragraph 15 purport to quote from or paraphrase the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

16. The allegations of paragraph 16 purport to quote from or paraphrase the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

17. The allegations of paragraph 17 purport to quote from or paraphrase the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

18. The allegations of paragraph 18 purport to quote from or paraphrase the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

19. The allegations of paragraph 19 are denied.

20. The allegations of paragraph 20 purport to draw conclusions from the plain language of the Non-Competition Agreement, and Paladino states that the Non-Competition Agreement speaks for itself.  To the extent any other responsive pleading is required, the allegations are denied.

21. The allegations of paragraph 21 are admitted.

22. Paladino lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and therefore denies them.

23. Paladino admits that he entered into RSU agreements when he received DG shares.  The allegations of the second sentence of paragraph 23 purport to paraphrase the referenced RSU agreements, and Paladino states that they speak for themselves.  To the extent any other responsive pleading is required, the allegations are denied.

24. The allegations of paragraph 24 purport to quote from or paraphrase the referenced "Stock Option Plan," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

25. The allegations of paragraph 25 purport to quote from or paraphrase the referenced "Stock Option Plan," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

26. The allegations of paragraph 26 purport to quote from or paraphrase the referenced "Stock Option Plan," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

27. The allegations of paragraph 27 purport to quote from or paraphrase the referenced "Stock Option Plan," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 purport to draw conclusions from the plain language of the referenced documents, and Paladino states that they speak for themselves. To the extent any other responsive pleading is required, the allegations are denied.

30. Paladino admits that he entered into the so-called Non-Disclosure Agreement when he worked for GeoEye Analytics, Inc. To the extent any other responsive pleading is required, the allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 purport to quote from or paraphrase the referenced "Non-Disclosure Agreement," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

33. The allegations of paragraph 33 purport to quote from or paraphrase the referenced "Non-Disclosure Agreement," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

34. The allegations of paragraph 34 purport to quote from or paraphrase the referenced "Non-Disclosure Agreement," and Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 purport to draw conclusions from the plain language of the Non-Disclosure Agreement, and Paladino states that the Non-Competition Agreement speaks for itself. To the extent any other responsive pleading is required, the allegations are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are admitted.

41. The allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied.

47. Paladino is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 47 and therefore denies them.

48. Paladino is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 48 and therefore denies them.

49. Paladino is without knowledge or information sufficient to form a belief as to the truth of the matters set forth in paragraph 49 and therefore denies them, and specifically denies prohibited solicitation.

50. Paladino admits receiving a letter, by email, on or about June 23, 2017 from DG's attorneys. He further states that it speaks for itself, and to the extent any other responsive pleading is required, the allegations are denied.

51. The allegations of paragraph 51 are denied.

52. The allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are denied.

**FIRST CLAIM FOR RELIEF**
**(Breach of The Non-Competition Agreement)**

55. Paladino incorporates his responses to paragraphs 1-54 above.

56. The allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 are denied.

59. To the extent paragraph 59 purports to paraphrase the Non-Competition Agreement, Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations of paragraph 59 are denied.

60. The allegations of paragraph 60 are denied.

61. The allegations of paragraph 61 are denied.

62. The allegations of paragraph 62 are denied.

63. The allegations of paragraph 63 are denied.

## SECOND CLAIM FOR RELIEF
### (Breach of The Stock Option Plan)

64. Paladino incorporates his responses to paragraphs 1-63 above.

65. The allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are denied.

67. The allegations of paragraph 67 are denied.

68. The allegations of paragraph 68 are denied.

69. The allegations of paragraph 69 are denied.

70. To the extent paragraph 70 purports to paraphrase the referenced Stock Option Plan, Paladino states that it speaks for itself. To the extent any other responsive pleading is required, the allegations of paragraph 70 are denied.

71. The allegations of paragraph 71 are denied.

72. The allegations of paragraph 72 are denied.

## THIRD CLAIM FOR RELIEF
### (Breach of The Non-Disclosure Agreement)

73. Paladino incorporates his responses to paragraphs 1-72 above.

74. The allegations of paragraph 74 are denied.

75. The allegations of paragraph 75 are denied.

76. The allegations of paragraph 76 are denied.

77. The allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 are denied.

**FOURTH CLAIM FOR RELIEF**
**(Breach of The Duty of Loyalty)**

81. Paladino incorporates his responses to paragraphs 1-80 above.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 are denied.

**FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment)**[1]

85. Paladino incorporates his responses to paragraphs 1-84 above.

86. The allegations of paragraph 86 [82] are denied.

87. The allegations of paragraph 87 [83] are denied.

88. The allegations of paragraph 88 [84] are denied.

89. Paladino admits receiving a letter, by email, on or about June 23, 2017 from DG's

attorneys. He further states that it speaks for itself, and to the extent any other responsive

---

[1] Plaintiffs' Amended Complaint misnumbers the paragraphs of their Fifth Claim for Relief, starting with a second set of paragraphs 81 through 84. Paladino carries on with the proper numbering such that his paragraph 85 is Plaintiffs' "second" paragraph 81, and so on.

pleading is required, the allegations are denied. By way of further answer, Paladino states that DG is not entitled to rescind, or redeem, or otherwise take possession or ownership of his shares.

90. The allegations of paragraph 90 [86] are denied.

91. The allegations of paragraph 91 [87] are denied.

92. The allegations of paragraph 92 [88] are denied.

Paladino states that any allegation or matter deemed to require a responsive pleading that was neither admitted nor denied is hereby denied.

Paladino further denies that Plaintiffs are entitled to any of the relief they seek.

## OTHER AND FURTHER DEFENSES

1. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

2. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

3. Plaintiffs' claims are barred in whole or in part by the doctrine of release.

4. Some or all of the restrictive covenants alleged to be applicable to Paladino do not apply to him as a matter of law.

5. Plaintiffs' attempt to enforce approximately nine different but overlapping restrictive covenants covering three agreements violates the public policy of the Commonwealth of Virginia and the State of Colorado, and the covenants are unenforceable on that basis.

6. To the extent Plaintiffs' duty of loyalty claim is not barred under applicable law, it is barred because Paladino acted in good faith after his employer and its parent company engaged in conduct that jeopardized his employment.

7. Plaintiffs' claims are barred in whole or in part under the doctrine of unclean hands.

8. Plaintiffs' claims are barred in whole or in part because their damages, if any, were not proximately caused by Paladino.

9. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages, if any.

10. Plaintiffs' claims are barred in whole or in part due to a novation or merger.

11. Plaintiffs' claims are barred in whole or in part due to an accord and satisfaction.

12. Plaintiffs' claims are barred in whole or in part due to their prior material breach.

13. Plaintiffs' claims are barred in whole or in part due to a lack or failure of consideration.

14. Plaintiffs' claims are barred in whole or in part due to their failure to state a claim upon which relief may be granted.

15. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert some or all of their claims against Paladino.

16. Neither Plaintiff is a proper party plaintiff as to certain of their claims.

17. Paladino reserves all rights to assert such other and further defenses and claims as may be revealed through the discovery process in this case.

FOR THESE REASONS, Paladino requests that the Court:

A. Dismiss Plaintiffs' complaint with prejudice;

B. Award Paladino his costs, expenses, expert witness fees, attorneys' fees as provided by law;

C. In response to Plaintiffs' invocation of this Court's authority to enter a declaration in their Fifth Claim for Relief, declare, among other things, that: Paladino is not

        in breach of the referenced Stock Option Plan and/or that it is otherwise not enforceable on the facts of this case, that the Stock Option Plan does not apply to employees of DigitalGlobe Intelligence Services, Inc., that attempting to bind an individual to approximately 9 different but overlapping restrictive covenants in 3 agreements violates public policy, that Paladino is the rightful owner of his shares of DigitalGlobe, Inc. stock and any other stock or stock options at issue in this case; and

D.      Grant such other and further relief to which Paladino may be entitled or as justice may require.

Dated: August 17, 2017.

Respectfully Submitted,

s/*Christopher H. Toll*
Christopher Toll
HOLLAND & HART
6380 S. Fiddlers Green Cir., Suite 500
Greenwood Village, CO  80111
303-295-1637 (Office)
ctoll@hollandhart.com

Claire E. Wells Hanson
HOLLAND & HART
555 17th Street, Suite 3200
Denver, CO  80202
303-295-8247 (Office)
cehanson@hollandhart.com

Timothy J. McEvoy (admitted July 26, 2017)
Patrick J. McDonald (admitted July 27, 2017)
CAMERON/MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
703-273-8898 (Office)
703-273-8897 (Fax)
tmcevoy@cameronmcevoy.com
pmcdonald@cameronmcevoy.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 17th day of August, 2017, I caused a true copy of the foregoing to be served via ECF filing system on the following counsel of record:

John V. McDermott, Esq.
Aaron Van Hughes, Esq.
Craig M. Finger, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-44432

                                              s/*Christopher H. Toll*
                                              Christopher H. Toll
                                              Holland & Hart LLP

10123179_4