IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01636-WJM-MJW

DIGITALGLOBE, INC., a Delaware corporation, and
DIGITALGLOBE INTELLIGENCE SOLUTIONS, a Delaware corporation

    Plaintiff,

v.

LOUIS PALADINO, an individual,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER** (Docket No. 61-1)
**CONCERNING CONFIDENTIAL INFORMATION**

---

Upon request of all parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Protective Order shall apply to documents, materials, and information, including discovery responses, deposition and hearing testimony and other information disclosed. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order Concerning Confidential Information ("Protective Order") does not entitle them to file confidential information under ~~seal~~ Restricted Access; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under ~~seal~~ Restricted Access or an allowed restriction level.

[Margin: mgw 11-6-17]

1. Definitions of terms, as used in this Protective Order

    1.1  <u>Document</u>: shall include, without limitation, regardless of how it is generated, stored, or maintained, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, videos, phone records, including all copies, excerpts, summaries and other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

    1.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things shall be information that is confidential and implicates common law or statutory privacy interests of current or former employees (which includes Defendant), representatives, or agents of Plaintiffs, including but not limited to: personnel information concerning non-parties not generally known to the public; information containing trade secrets information or proprietary processes; private or non-public business information; information relating to a party's or non-party's investment, business and operational strategies, processes, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information treated or considered by a party or non-party, by policy, or by practice to be confidential or proprietary; information that

is confidential for national security and/or related reasons;[1] and any and all documents that qualify for protection under FRCP 26(c).

1.3    Designating Party: A party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.4    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," whose disclosure to another Party or non-party would create a substantial risk of injury, including without limitation a Party's proprietary business information, technical materials, or both, the disclosure of which would likely result in competitive harm to that Party.

1.5    Protected Material: any Disclosure or discovery material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The protections conferred by this Protective Order also include any audio or written testimony, conversations or presentations by the parties or their counsel that might reveal Protected Material.

2.    CONFIDENTIAL documents, materials, and/or information designated as Protected Material shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

   a)    attorneys, in-house or outside counsel, actively working on this case,

---

[1] The parties are conferring concerning mechanisms for treatment of government classified documents that may only be reviewed by persons with appropriate security clearances. The parties may seek to amend this Protective Order concerning such treatment.

including counsel for non-party BigBear, Inc.;

b) persons regularly employed or associated with outside counsel actively working on the case (including counsel for non-party BigBear, Inc.) whose assistance is required in the prosecution of this action including preparation for trial, at trial or at other proceedings in this case;

c) the parties, including designated representatives for Plaintiffs;

d) expert witnesses, consultants, professional vendors (persons or entities that provide litigation support services) retained in connection with this proceeding, to the extent such disclosure is necessary for any preparation, depositions, trial or other proceeding in this case;

e) The Court, its employees, and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f) Witnesses, in the course of deposition or trial testimony, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case and that his or her examination is necessary in connection with such document or testimony; and

g) other persons by written agreement of the parties.

3. Before disclosing any CONFIDENTIAL information to any person listed in paragraph 2 (other than those listed in paragraphs 2(a) through 2(c) and 2(e)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as EXHIBIT A) stating that he or she has read this

4

Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by counsel.

4. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, materials, and/or information designated as Protected Material shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

a) attorneys, in-house or outside counsel, actively working on this case, including counsel for non-party BigBear, Inc.; and

b) The Court, its employees, and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

5. Except as otherwise provided in this order or as otherwise stipulated or ordered, Protected Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any information designated by a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is based on a good faith belief that the information is CONFIDENTIAL, HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, or otherwise implicates common law or statutory privacy interests.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty-one (21) days after receipt of notice from the court reporter of the completion of the transcript.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the EXHIBIT A are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that 21-day period, the transcript shall be treated only as actually designated.

7. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at a later date. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the party wishing to make that designation must do so within fifteen (15) days of receipt, and identify the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY document(s) or CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information by bates label or, where not bates labeled, by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the Designating Party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the Designating Party of the prior disclosure and otherwise comes into conformance with

the new designation.

9. A party may object to or challenge the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information by giving written notice to the Designating Party the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to file an appropriate motion within thirty (30) days after the conclusion of that 10-day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. Any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that is filed with the Court must be filed under Restricted Access Level 1. Any such request to restrict public access to materials designated as CONFIDENTIAL

or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2.

11. At the conclusion of this case, and any appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents. Where the parties agree to return CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents have been returned. Where the parties agree to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this case.

12. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 2nd day of November, 2017.

s/John V. McDermott
John V. McDermott
Van Aaron Hughes
Craig M. Finger
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202
Telephone:  (303) 223-1100
Fax:  (303) 223-1111
E-Mail:  jmcdermott@bhfs.com
  vhughes@bhfs.com
  cfinger@bhfs.com

*Attorneys for Plaintiffs*

s/Christopher Toll
Christopher Toll
HOLLAND & HART
6380 S. Fiddlers Green, Cir., Suite 500
Greenwood Village, CO 80111
Telephone:  303-295-1637
Email:  ctoll@hollandhart.com

Clair E. Wells Hanson
Holland & Hart
555 17th Street, Suite 3200
Denver, CO 80202
Telephone:  303-295-8247
Email: cewellshanson@hollandandhart.com

Timothy J. McEvoy
Patrick J. McDonald
Cameron/McEvoy PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
Telephone:  703-273-8898
  tmcevoy@cameronmcevoy.com
  pmcdonald@cameronmcevoy.com

*Attorneys for Defendant*

DONE AND ORDERED this 6TH day of November, 2017.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

10